MICHAEL T. SUCHER
    ATTORNEY AT LAW

26 COURT STREET SUITE 2412
BROOKLYN, NEW YORK 11242
(718) 522-1995
FAX: (718) 797-3174
E-MAIL: NYLAWYER@AOL.COM

MEMBER OF THE BAR:
NEW YORK — FLORIDA

<u>By ECF</u>

May 29, 2012

Hon. Leonard D. Wexler
U.S. Senior Judge
100 Federal Plaza
Central Islip, New York 11722

                    Re:  <u>United States of America
                        v. Rocco J. Corozzo a/k/a
                        Rocco Joseph Corozzo
                        Docket No.: CV-10-2252 (LDW)(WDW)</u>

Dear Judge Wexler:

    This office is private counsel to the U.S. Department of Justice, and the attorneys for Plaintiff in the above student loan collection case.

    Pursuant to the deadline set forth in your Honor's scheduling order at Docket No. 19, and your Amended Rules, Section (2)(B), we hereby request that a pre-motion conference be scheduled (or alternatively that the Court set a briefing schedule) with respect to Plaintiff's prospective motion for summary judgment seeking the full sum claimed in the complaint, plus applicable interest, costs and disbursements, and dismissal of the affirmative defenses set forth in Defendant's answer filed on January 12, 2011 at Docket No. 16.

    The basis of the anticipated motion will be such evidence as, *inter alia,* three Promissory Notes signed by Defendant, dated respectively, June 26, 1995, May 20, 1996 and May 15, 1997, the two original Certificate of Indebtedness attached to the complaint, both dated April 29, 2010, as certified under penalties of perjury by Peter La Roche, a Loan Analyst with the Litigation Support Unit of the U.S. Department of Education, and a Declaration of a DOE representative to be submitted in support of the motion.

    Furthermore, Plaintiff intends to argue in support of the motion, in sum and substance, that the elements of a *prima facie* case on a promissory note are simply proof of the promissory note and default in payment thereof, <u>Diversified</u>

Hon. Leonard D. Wexler          - 2 -          May 29, 2012
U.S. Senior Judge
100 Federal Plaza
Central Islip, New York 11722


<u>Fin. Sys. v. Bertrum</u>, 1999 U.S. Dist. LEXIS 13977 (S.D.N.Y. 1999), and that the evidence submitted with the motion meets Plaintiff's burden of setting out such a *prima facie* case, establishing the absence of any issues of material fact requiring a trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

Furthermore, Plaintiff intends to argue in support of the motion, in sum and substance, that Defendant's affirmative defenses are without merit and should be dismissed. Specifically, that:

i) The First affirmative defense is without merit because the 1991 amendments to the Higher Education Act of 1965 (Higher Education Technical Amendments of 1991, Pub. L. No. 102-026, § 3, 105 Stat. 123, 124 (codified at 20 USCS §1091a) eliminated the statute of limitations as to federally insured student loans;

ii) The second and third affirmative defenses on the basis of lack of standing are without merit by virtue of the documentary evidence that will be submitted before the Court on the motion and 34 C.F.R. 682.409(a); and

iii) The fourth affirmative defense is without merit because the statements made in the complaint and evidence submitted therewith state a valid cause of action.

We note that by letter dated May 14, 2012, we submitted a proposed briefing schedule for a motion for summary judgment to Defendant's counsel, but received no response whatsoever thereto.

Thank you for your consideration in this matter.

                                          Very truly yours,

                                          Michael T. Sucher

MTS:ams
cc: Patrick Christopher, Esq.
    *Attorney for Defendant*
    158-01 Cross Bay Boulevard
    Howard Beach, New York 11414